JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kenneth D. Perry ("father") appeals pro se from the domestic relations court order requiring him to pay child support pursuant to the amount calculated using the child support worksheet. He assigns the following error for our review:
 {¶ 2} "I. The trial court erred and abused its discretion in not granting or deviating downward from the Child Support Guideline Worksheet amount pursuant to O.R.C. 3119.22 and3119.23(K), (O), and (P)."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's child support order. The pertinent facts are as follows.
 {¶ 4} The parties were divorced on June 26, 2000. One minor child was born of the marriage (D.O.B., 2-14-98). Pursuant to the divorce decree, the mother was appointed the residential parent and the father was ordered, according to a stipulation, to pay $364.35/month in child support. The father was also ordered to provide health insurance for the child and to share the cost of unreimbursed/uninsured medical and dental expenses with the mother in accord with their income percentages.
 {¶ 5} On August 9, 2001, the mother filed a motion to modify the child support.[1] In the motion the mother argued she was entitled to an increase in child support because of the fact in the original divorce decree between the parties, the Child Support Guidelines Worksheet did not contain child care costs for the parties' minor child. At the time the motion was filed, the mother was incurring $6,020 a year in child care expenses.
 {¶ 6} A hearing before the magistrate was held on June 12, 2002. In lieu of testimony, the parties submitted stipulations and documents consisting of a Child Support Computation Worksheet, Income and Expense Sheets for both parties and an insurance investigative form regarding the parties' health insurance coverage. The parties also submitted written closing arguments.
 {¶ 7} After considering the above documents, the magistrate ordered the father's child support obligation increased from $364.35 to $480.08.
 {¶ 8} The father filed objections to the magistrate's report, which the mother opposed. The trial court overruled the objections and adopted the magistrate's report.
 {¶ 9} In his sole assigned error, the father argues the trial court erred by failing to deviate from the calculated amount in the child support worksheet because of the fact he has custody of two other children from a prior marriage. He also contends the trial court erred by using his gross income instead of his net income.
 {¶ 10} A trial court possesses substantial discretion in determining child support obligations. Thus, a reviewing court will reverse such decisions only upon finding that the trial court abused its discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."[3]
 {¶ 11} R.C. Chapter 3119 sets forth the procedures a trial court must follow when calculating a parent's support obligation. R.C. 3119.02 requires the trial court to calculate a parent's support obligation in accordance with the basic child support schedule.[4] The amount of child support calculated using the schedule and worksheet is rebuttably presumed to be the correct amount of child support due.[5] A trial court may, however, deviate from the worksheet amount if the amount would be unjust or unreasonable.[6] If the court deviates from the worksheet amount, the court must enter in the record both the worksheet-calculated payment amount and its reasons for deviation from that payment amount.[7]
 {¶ 12} Under the facts presented herein, we find that the trial court did not abuse its discretion in ordering support pursuant to the applicable guidelines. The father has not shown that the amount on the worksheet is incorrect. Instead, he complains that the trial court erred by failing to accord the proper weight to the fact he had two other children from a prior marriage to care for. However, the magistrate in its report clearly considered this factor, but concluded that the father's income, the reasonable amount of child support and the father's debt ratio did not require a deviation from the Child Support Guidelines Worksheet.
 {¶ 13} Furthermore, the child support worksheet takes into account the two other children the father supports by decreasing his income by $5,700. Finally, although the father contends he cannot afford to pay the increased support, it is notable that since the divorce, the mother has had to sell her home and move into an apartment because of financial restraints, while the father has purchased a home.
 {¶ 14} Given the state of the evidence before us, which merely consists of the stipulated documents and written closing arguments, we do not find an abuse of discretion by the trial court in not deviating from the Child Support Guidelines Worksheet.[8]
 {¶ 15} Regarding the father's contention the trial court erred by using his gross income instead of his net income in calculating the support, the Child Support Guidelines Worksheet mandates that gross income be used.[9] A review of the parties' stipulations indicate the parties stipulated that the "numbers contained in the attached Child Support Guidelines Worksheet (Exhibit A), which are used to calculate the child support amount pursuant to said Guidelines, are accurate and reflect the stipulated incomes of both parties."[10]
Therefore, the trial court did not abuse its discretion by using the father's stipulated gross income to calculate the child support.
 {¶ 16} The father's sole assigned error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Dyke and Karpinski, JJ., concur.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The mother also filed a motion to show cause and a motion for attorney fees, which motions were considered at the same time as the motion to modify support and granted. However, since these motions are not subject of this appeal, we will not address them.
[2] See Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,1997-Ohio-105; Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] See R.C. 3119.02 through 3119.24.
[5] R.C. 3119.03.
[6] See R.C. 3119.24(A)(1).
[7] DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 538,1997-Ohio-184.
[8] Although the father contends he has had to file for bankruptcy and does not work 40 hours per week at the post office, this evidence was not before the trial court. His contention that the $6,020-a-year claimed expenses for child care were not for day care but private schooling was also not presented to the trial court. We therefore cannot consider these arguments.
[9] See Worksheet at 1(a).
[10] Stipulations, paragraph 1.